# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 10-30860

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

versus

CHERIE MARIE COURTNEY,

          Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:04-CR-175

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Cherie Courtney appeals her conviction of perjury.  Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30860

I.

Courtney was charged with two counts of perjury under 18 U.S.C. § 1623 as a result of giving false testimony in a criminal trial of a person with whom her company did business. She was cross-examined by the government, which asked whether she had previously been questioned by Billy Bass, a vice-president, about her improper use of a business cell phone. Courtney objected to the question (1) on the basis of relevance; (2) because she had not been provided with any information about wrongful conduct in accordance with Federal Rule of Evidence 404(b); and (3) on hearsay grounds. The court overruled the first two objections but sustained the third. The government then asked Courtney whether she remembered admitting to Bass that she had lied to him about not using her business cell phone for personal matters. Courtney responded that she did not recall that conversation.

Next, the government asked Courtney whether she recalled being confronted by Bass about a business trip during which she failed to conduct the duties she was sent to perform. Courtney testified that she had not been sent on the trip to perform those particular duties and that she did not recall being confronted by Bass about her conduct on that trip. During this line of questioning, Courtney objected once on the basis of double-hearsay, but the court overruled the objection.

The government asked Courtney whether she remembered failing to provide Bass with a police report concerning an accident while driving a company vehicle, because the report would have contradicted Courtney's earlier assertion to Bass that she was not at fault in the wreck. Courtney responded that she did not remember failing to provide Bass with the report.

During rebuttal, the government asked Bass whether he recalled any specific occasions on which he believed Courtney lied to him. Bass responded, "On occasion, I would say yes." Bass also testified that his opinion regarding Court-

2

No. 10-30860

ney's truthfulness was that it was "probably shady."[1]

The district court found Courtney guilty on both counts. On appeal, she argues that the district court reversibly erred by not requiring the government to establish a good-faith factual basis for the portions of its cross-examination concerning her truthfulness in her conversations with Bass.

## II.

Where a defendant timely objects to an evidentiary ruling, we review for abuse of discretion. *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007). The objection to the admission of evidence must be sufficiently specific, such that testimony could be taken and arguments could be made, allowing the district court to address the issue properly. *United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997).

Where the defendant does not adequately object to the evidence, we review for plain error. *Id.* "We find plain error when (1) there was an error or defect; (2) the legal error was clear or obvious, rather than subject to reasonable dispute; and (3) the error affected the defendant's substantial rights." *United States v. Juarez*, 626 F.3d 246, 254 (5th Cir. 2010). Because the three grounds on which Courtney objected to the cross-examination did not encompass any contention that the government lacked a good-faith factual basis for the cross-examination, we review only for plain error.

## III.

Federal Rule of Evidence 608(b) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609,

---

[1] Bass later expounded on his use of the word "shady": "Shady. What I mean by that is, not derogatory or anything, it's not perfect, but its not bad, either."

No. 10-30860

may not be proved by extrinsic evidence." Rule 608(b) does, however, permit cross-examination regarding specific incidents of conduct of a witness if the testimony is probative of the witness's character for truthfulness.

For testimony about such an alleged bad act to be admissible under Rule 608(b), the questioning party must have a good-faith factual basis for the questioning. *United States v. Nixon*, 777 F.2d 958, 970-71 (5th Cir. 1985). That does not mean that the basis-in-fact for the questioning must be proved *before* a good-faith-inquiry may be made. *Id*. at 970. "[T]he government does not have a duty in every case to introduce the factual predicate for a potentially prejudicial question posed on cross-examination." *United States v. Davis*, 609 F.3d 663, 681 (5th Cir. 2010) (citation omitted). This principle holds especially true where there is no contemporaneous objection to the cross-examination. *Id*.

Although the government did not establish a factual basis for its questioning concerning Courtney's past lies to Bass before it questioned Courtney about the incidents, its good-faith factual basis was apparent during its direct examination of Bass on rebuttal, during which Bass testified that Courtney had lied to him on occasion and that his opinion of Courtney's truthfulness was that she was "shady." Any further questioning about these incidents was cut off by Courtney's own counsel's objection. Accordingly, there was no error, let alone plain error, in allowing the government's questioning of Courtney on these points.

AFFIRMED.

4